**In re CHANDLER & CHANDLER MOTOR INNS, INC., Debtor(s).**

No. 88–07139–A.

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

Dec. 6, 1988.

C. Edwin Rude, Jr., Tallahassee, Fla., for plaintiff Heller.

N. Sanders Sauls, Tallahassee, Fla., for defendant.

---

## SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEWIS M. KILLIAN, Jr.,
Bankruptcy Judge.

THIS MATTER came on for final hearing pursuant to § 362(c) of the Bankruptcy Code (11 U.S.C. § 362(a)) on the motion of Heller Financial, Inc. ("Heller") for relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code. At the conclusion of the hearing, the Court orally set forth findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052 and granted Heller's motion. We hereby enter the following additional findings of fact and conclusions of law to supplement those set forth on the record in open court.

Heller holds a secured claim against the debtor in the total amount, as of the day of the final hearing, of slightly over $8.1 million. Heller holds the only secured claim against the debtor's motel, the single asset in this case. The claim was reduced to a final judgment in foreclosure on May 16, 1988, and the property was scheduled for sale pursuant to the final judgment on June 14, 1988. This Chapter 11 case was filed on June 13, 1988.

Heller's motion for relief alleges that the stay should be lifted "for cause" under § 362(d)(1), and for lack of equity of the debtor in the property and lack of necessity for an effective reorganization under § 362(d)(2). Prior to the hearing, both parties filed with the Court appraisals of the property, and those appraisals were admitted into evidence without objection. Heller's appraisal reflected a value of $5.6 million, and the debtor's appraisal reflected a value of $8.1 million. The parties stipulated, and we thus found, that there was no equity in the property, leaving only the issue of necessity of the property to an effective reorganization for determination. In *United Savings v. Timbers of Inwood Forest*, 484 U.S. ——, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988), the Court stated:

> Once the movant under § 362(d)(2) establishes that he is an undersecured creditor, it is the burden of the *debtor* to establish that the collateral at issue is "necessary for an effective reorganization." See § 362(g). What this requires is not merely a showing that if there is conceivably to be an effective reorganization, this property will be needed for it; but that the property is essential for an effective reorganization *that is in prospect.* (emphasis in original).

*Timbers*, 484 U.S. at ——, 108 S.Ct. at 632, 98 L.Ed 2d at 751. Thus, the debtor has the burden of going forward with proof that there is "a reasonable possibility of a successful reorganization within a reasonable time." *Id.*

At hearing, the debtor presented the Court with a draft of a proposed plan. The plan provides for the operation of the motel under current management and ownership with plan payments to be made from revenues generated in operations. The only new capital called for by the plan is $100,000 to be paid in by the current owner of the corporate stock in order to enable him to retain his ownership interest. Heller would be paid the value of its secured claim on a 28 year amortization at 11% interest with a balloon at five (5) years. Unsecured claims totalling approximately $1.2 million, exclusive of any deficiency Heller may have, would be paid in full over an unspecified time without interest. Payment of the balloon to Heller and of the bulk of the unsecured claims would be dependent on a refinancing of the property at the end of five (5) years.

The debtor's ability to make the proposed payments and thereby effect a successful reorganization was supported by the expert testimony of Pannell, Kerr, Forster (PKF) an accounting firm specializing in the hotel and motel industry. PKF presented a cash flow projection for five (5) years of operations reflecting a total net operating income (NOI) before debt service for that period in the amount of $5,077,000, starting with $823,000 in year one (1) and ending with $1,141,000 in year five (5). These projections, when compared with the past performance of the motel appear to be overly optimistic and we doubt very seriously that they can be attained. However, feasibility of the proposed plan and the likeli-

hood of a successful reorganization does not necessarily hinge on whether or not these operating results can be attained.

As previously pointed out, the debtor proposes payments to Heller based on a valuation of its collateral. Although the Court specifically did not establish a value of the property, it considered the debtor's appraisal and income projections to determine its prospects of a reorganization. Here, the debtor's appraisal, prepared by a very qualified real estate appraiser, gave a value to the motel of $8.1 million. Of this, $7,900,000 is attributable to the motel utilizing an income approach to valuation. The remaining $150,000 is attributable to a vacant parcel of land adjacent to the motel. This value, however, was arrived at based on projected NOI before debt service for five (5) years of $3,687,249, starting with $682,663 in year one (1) and ending with $965,506 in year five (5). This five (5) year projection of NOI yields a value of $8.1 million; however, it is almost $1.4 million less than PKF's projections which the debtor uses to support the feasibility of its proposed plan. The debtor obviously seeks to have the best of both worlds. For purposes of valuation of the motel, it insists that the Court accept the lower income projections in its appraisal. On the other hand, success of the plan, i.e. the debtor's ability to service Heller's secured claim and all other debt, depends upon the debtor's ability to attain the higher PKF projections. If the PKF's income projections are accurate as the debtor asserts they are, then it is those figures which must also be used in § 506(a) valuation in conjunction with confirmation of a plan. To do otherwise would result in a finding of value based on admittedly erroneous income projections. Using PKF's operating projections for valuation of Heller's collateral, as well as for the determination of feasibility, Heller would be fully secured; but the debtor would be unable to service the debt with the income it projects. Thus the plan could not be confirmed.

Based on the foregoing analysis, we find that the debtor has failed to demonstrate even a possibility of an effective reorganization within a reasonable time. Heller is,

therefore, entitled to relief so it can proceed to realize on its collateral under § 362(d)(2). A separate order has been entered granting relief.

DONE AND ORDERED.